IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| GONZALO CORPUS, | § | |
| *Plaintiff,* | § | SA-23-CV-01478-OLG |
| vs. | § | |
| DEPARTMENT OF VETERANS AFFAIRS, | § | |
| *Defendant.* | § | |

# REPORT AND RECOMMENDATION
# OF UNITED STATES MAGISTRATE JUDGE

**To the Honorable United States District Judge Orlando L. Garcia:**

This Report and Recommendation concerns Defendant's Motion to Dismiss [#14] and Plaintiff's Motion to File a Second Amended Pleading [#24]. All pretrial matters in this case have been referred to the undersigned for disposition pursuant to Western District of Texas Local Rule CV-72 and Appendix C. The undersigned therefore has authority to enter this recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that Plaintiff's motion for leave to amend be denied and that Defendant's motion to dismiss be granted.

## I. Procedural Background

This case arises out of the termination of Plaintiff Gonzalo Corpus from his employment as a Medical Instrument Technician at the South Texas VA Health Care System facility in San Antonio, Texas, for failure to submit to a fitness for duty examination ("FFDE"). By this suit, Plaintiff both appeals the administrative decision of the Merit Systems Protection Board ("MSPB") and complains that his employer, Defendant Department of Veterans Affairs ("the VA"), violated federal antidiscrimination laws in terminating his employment.

1

The Civil Service Reform Act ("CSRA") "establishes a framework for evaluating personnel actions taken against federal employees." *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 423 (2017) (quoting *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). For "particularly serious" actions, the employee "has a right to appeal the agency's decision to the MSPB." *Kloeckner*, 568 U.S. at 44. In such an appeal, an employee may allege that a federal agency "had insufficient cause for taking the action under the CSRA" or may also complain of "adverse action taken, in whole or in part, because of discrimination prohibited by another federal statute," such as Title VII, the ADEA, or ADA. *Perry*, 582 U.S. at 423–24 (internal quotation and citation omitted). When an employee complains of a personnel action serious enough to appeal to the MSPB and alleges the action was based on discrimination, as here, the employee is bringing what the regulations call "a mixed case." *Id.* at 424 (citing *Kloeckner*, 568 U.S. at 44).

A federal employee who alleges that discrimination was a component of an adverse personnel action has two options in pursuing a mixed case: (1) he may file "a mixed case complaint" with the agency itself through the agency's Equal Employment Opportunity ("EEO") office (which may be appealed to the MSPB or challenged in district court if the agency issues an adverse ruling), or (2) he may file "a mixed case appeal" directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges. 29 C.F.R. § 1614.302(a), (b). A plaintiff may not avail himself of both remedies, and whichever petition is filed first determines the appropriate forum for agency review. *Casimier v. U.S. Postal Serv.*, 142 Fed. App'x 201, 204 (5th Cir. July 1, 2005) (citing 29 C.F.R. § 1614.302(b)).

Here, Plaintiff first filed his mixed case complaint with the VA's EEO Office on August 6, 2021, alleging that he suffers from traumatic injuries resulting from a COVID-19 infection and that the VA violated the ADA by requiring him to submit to multiple FFDE and then retaliating

against him for his refusal to submit to the examinations by proposing that his employment be terminated. (EEO Compl. [#13], at 3.) Plaintiff was thereafter terminated for the stated reason of failing to submit to a FFDE, effective October 25, 2021. (MSPB Initial Decision [#1-2], at 14.) That same day, Plaintiff filed a mixed case appeal directly with the MSPB challenging his termination on various grounds, including disability discrimination and whistleblower reprisal. (MSPB Docket [#1-2], at 68; MSPB Initial Decision [#1-2], at 13.) Plaintiff thereafter filed another mixed-case complaint with the VA's EEO Office on November 6, 2021, repeating the disability discrimination allegations from the original EEO mixed-case complaint but complaining of his actual termination not just his proposed termination. (EEO Compl. [#13], at 4.)

Before his termination, Plaintiff filed a separate "individual right of action (IRA)" appeal with the MSPB, alleging his proposed removal was retaliation for whistleblowing. (MSPB Initial Decision [#1-2], at 11.) The MSPB docketed Plaintiff's mixed case appeal challenging his termination separately, because termination is an adverse action directly appealable to the MSPB. (*Id.* (citing 5 U.S.C. §§ 7512–13).) In June 2022, the MSPB dismissed both appeals without prejudice to refiling in the interests of administrative efficiency. (MSPB Decision [#1-2], at 71–84.)

At issue in the mixed case appeal was whether Plaintiff failed to submit for an ordered FFDE and whether his termination was a reasonable penalty for his refusal to do so, as well as whether the VA's action resulted from discrimination based on disability, retaliation for protected whistleblowing activity, or was in violation of law. (MSPB Initial Decision [#1-2], at 15.) The MSPB affirmed Plaintiff's termination in an initial written decision dated April 20, 2023, concluding that the VA's decision to terminate Plaintiff from federal service was a reasonable penalty for his failure to submit to an FFDE and that his termination advanced the efficiency of

the VA; that Plaintiff's disability was not a motivating factor in the VA's termination decision; and that Plaintiff had not proved his termination was unlawful whistleblower retaliation or violated any other law.  (*Id.* at 13–59.)  The initial decision of the MSPB became final on May 25, 2023.  (*Id.* at 59.)

The CSRA provides for judicial review of a final order or decision of the MSPB.  5 U.S.C. § 7703(a)(1).  If an employee is asserting rights only under the CSRA, jurisdiction lies in the U.S. Court of Appeals for the Federal Circuit.  *Perry*, 582 U.S. at 425 (citing 5 U.S.C. § 7703(b)(1)).  If the employee also invokes federal antidiscrimination laws, the proper forum for judicial review is federal district court, as the Federal Circuit lacks jurisdiction.  *Id.* at 426 (citing *Kloeckner*, 568 U.S. at 46).

Plaintiff filed a petition for review with the Federal Circuit on May 3 and 5, 2023.  (Fed. Cir. Docket [#1-2], at 144.)  Thereafter, he filed a statement with the court indicating that he had asserted discrimination claims in the MSPB appeal, i.e., had raised a mixed case appeal, and did not wish to abandon his discrimination claims in his petition for judicial review.  (*Id.* at 143–44.)  On October 20, 2023, the Federal Circuit determined that it lacked jurisdiction and transferred Plaintiff's mixed case to this Court pursuant to 28 U.S.C. § 1631.  (*Id.* at 234–45.)

Upon transfer, the Court ordered Plaintiff to file an Amended Complaint setting forth both the bases of his challenge to the MSPB's Order affirming his termination and asserting any claims of discrimination.  Plaintiff, who is proceeding *pro se*, filed the ordered Amended Complaint on June 11, 2024.  (Am. Compl. [#13], at 1–2.)  The two-page Amended Complaint lists three statutes—the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"), and Title VII of the Civil Rights Act of 1964 ("Title VII"), and references a hostile work environment.  (*Id.* at 2.)  Plaintiff's Amended Complaint references his charges of

4

discrimination filed with the VA's EEO office and attaches two administrative complaints to his pleading. (*Id.* at 1.) The Amended Complaint does not provide any narrative description of the bases of his discrimination claims or the reasons he believes the Court should vacate the MSPB's Order affirming his termination.

The VA filed a motion to dismiss pursuant to Rule 12(b)(6), arguing for dismissal of Plaintiff's discrimination claims for failure to exhaust administrative remedies and failure to satisfy pleading standards. Plaintiff filed a response to the motion [#15], to which the VA filed a reply [#16]. The VA has also filed an advisory with the Court on several procedural issues raised by the motion to dismiss [#21]. The Court held a hearing on September 26, 2024, at which Plaintiff and counsel for the VA appeared via videoconference. At the conference, Plaintiff expressed a desire to file a second amended pleading for the Court's consideration prior to issuing a recommendation on the VA's motion to dismiss. The Court ordered Plaintiff to file a motion for leave to file an amended pleading and to attach the proposed amended pleading to the motion as required by this Court's Local Rules. See W.D. Tex. Loc. R. CV-7(b). Plaintiff timely filed a motion for leave explaining the basis for his desired amendment, to which he attached numerous exhibits for the Court's consideration. Plaintiff, however, did not attach a proposed amended pleading as ordered. The VA has filed a response in opposition to the motion for leave [#25]. The undersigned first considers Plaintiff's request for leave to amend and then the pending motion to dismiss filed by the VA.

## II.  Motion for Leave to Amend

The District Court should deny Plaintiff's motion for leave to amend. The grant of leave to amend pleadings pursuant to Rule 15(a) is generally within the discretion of the trial court and shall be "freely given when justice so requires." Fed. R. Civ. P. 15(a); *Zenith Radio Corp. v.*

*Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971).  However, leave to amend "is by no means automatic."  *Wimm v. Jack Eckerd Corp.,* 3 F.3d 137, 139 (5th Cir. 1993) (quoting *Addington v. Farmer's Elevator Mut. Ins. Co.*, 650 F.2d 663, 666 (5th Cir. Unit A July 1981)).  In evaluating the propriety of an amendment, the district court may consider factors such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment. *Id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Here, the Court already ordered and imposed a deadline for Plaintiff to file an amended pleading containing any claims he is attempting to assert through this lawsuit as well as the basis for his challenge to the MSPB order affirming the termination of his employment.  (Order [#11].) This amended pleading was due by June 14, 2024.  As previously noted, Plaintiff filed this amended pleading as ordered, referencing discrimination under Title VII, the ADEA, and the ADA, and the VA timely filed the motion to dismiss currently before the Court, which is fully briefed and ripe for disposition.

Plaintiff now asks the Court for another opportunity to amend his pleadings to include reference to administrative proceedings regarding workers' compensation before the Department of Labor's Workers Compensation Program, as well as to be permitted to reference documents he claims were not available until after October 1, 2024.  Plaintiff explains in his motion that he believes that his termination, which was for the stated basis of refusing to cooperate with a required FFDE, was in fact discrimination based on injuries and ongoing symptoms related to his severe illness from COVD-19.  Plaintiff wishes to reference the July and September 2024 decisions of the Department of Labor in his workers' compensation proceedings (and medical evidence

submitted in those proceedings) approving compensation for total disability due to dystonia (a neurological condition caused by COVID-19).

However, a review of the documents attached to Plaintiff's motion establishes that most of the documents are already referenced in Plaintiff's previous filings with the Court, with the exception of an August 2024 neurological examination by Dr. Walter Werchan and the updated findings of the Department of Labor from July 2024 regarding Plaintiff's disability. Dr. Werchan's evaluation found Plaintiff completely disabled and unable to perform any gainful employment due to his psychological symptoms resulting from his COVID-19 infection. (Werchan Exam. [#24], at 14–18.) The Department of Labor decision from July 2024 notified Plaintiff that his traumatic-injury claim had been accepted based on the additional medical information provided for his major depressive and generalized anxiety disorders but not COVID-19. (DOL Ltr. [#24], at 21–22.)

The request for leave to amend to reference these documents or to provide these documents as evidence of a disability is not necessary and would not alter the Court's analysis of the pending motion to dismiss. Plaintiff seeks to amend his pleadings to show that he is disabled and that the Department of Labor approved his worker's compensation claim. The Department of Labor's disability finding in 2024 in a separate administrative proceeding is not material to Plaintiff's claims in this action, which relate to events in 2021. Plaintiff's current pleadings already allege disability discrimination. Moreover, Plaintiff's proposed amended pleading is not a coherent pleading. Rather, it is a compilation of evidentiary documents he asserts are relevant to his claims. The Court expressly directed Plaintiff at the hearing on October 3, 2024, and in its Order dated October 4, 2024 [#22] to attach a proposed amended pleading to his motion for leave, which is required under the Court's Local Rule CV-7. Plaintiff failed to do so. In light of the foregoing, the Court should deny Plaintiff's motion for leave to amend.

### III.  Motion to Dismiss

The VA's motion to dismiss seeks dismissal of Plaintiff's case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim, arguing that Plaintiff failed to exhaust his administrative remedies as to his discrimination claims and that Plaintiff's pleadings fail to plead a plausible claim of disability discrimination or that the MSPB Order was arbitrary or capricious or otherwise unsupported by substantial evidence or contrary to law.  The Court should grant the VA's motion.

**A.      Legal Standard**

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* Although a complaint "does not need detailed factual allegations," the "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.  In short, a claim should not be dismissed unless the court determines that it is beyond doubt that the plaintiff cannot prove a plausible set of facts that support the claim and would justify relief.  *See Twombly*, 550 U.S. at 570.

In reviewing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (internal quotation omitted).  However, a Court need not credit conclusory allegations or allegations that

merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

Because Plaintiff is a *pro se* litigant, his pleadings are to be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, *pro se* litigants, like all other parties, must follow the Federal Rules of Civil Procedure and "plead factual allegations that raise the right to relief above the speculative level." *See Chhim*, 836 F.3d at 469.

In ruling on a 12(b)(6) motion to dismiss, this Court is "limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (emphasis added); *see also Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 499 (5th Cir. 2000) (defendants may attach documents to a motion to dismiss if the documents "are referred to" in the plaintiff's complaint and "are central" to her claim).

**B.   Administrative Exhaustion**

The VA argues Plaintiff's ADA, ADEA, and Title VII claims should be dismissed for failure to exhaust administrative remedies. Title VII, the ADA, and the ADEA all require administrative exhaustion prior to filing suit in federal court. *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378-79 (5th Cir. 2019). Failure to exhaust is an affirmative defense that must be pleaded, not a jurisdictional prerequisite to suit. *Davis v. Fort Bend Cnty.*, 893 F.3d 300, 307 (5th Cir. 2019). A challenge to a plaintiff's failure to timely exhaust administrative remedies is proper in a Rule 12(b)(6) motion to dismiss for failure to state a claim. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379–80 (5th Cir. 2002). If, based on the facts pleaded and judicially

noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is appropriate. *Hall v. Hodgkins*, 305 Fed. App'x 224, 227–28 (5th Cir. 2008).

Plaintiff's ADEA and Title VII should be dismissed for failure to exhaust administrative remedies because these claims were not raised at any point in the administrative process. Because Plaintiff attached his two EEO Complaints to his Amended Complaint, those documents become part of the pleadings for purposes of ruling on the VA's motion to dismiss. *See Lone Star Fund*, 594 F.3d at 387. This Court may also consider the MSPB Order being appealed in this case (MSPB Initial Decision [#1-2], at 10–63), as it is referenced in and incorporated into the pleadings. *Id.* The Court also takes judicial notice of the Equal Employment Opportunity Commission ("EEOC") administrative judge's summary judgment order attached to the VA's motion to dismiss (AJ Summ. J. [#14-1], at 3–6), which adjudicated Plaintiff's EEO Complaints alleging discrimination and is part of an administrative public record. *See Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007).

Plaintiff's EEO Complaints reference the ADA and allege both disability discrimination and retaliation related to the VA requiring Plaintiff to submit to multiple FFDEs. (EEOC Compl. [#13], at 4.) The EEO Complaints do not, however, reference Title VII or the ADEA or any other type of discrimination or retaliation aside from disability discrimination and retaliation for complaints about disability discrimination. (*See id.*) The challenged MSPB decision and the EEOC's summary judgment order also addressed only disability discrimination and retaliation and not any other form of discrimination or retaliation. Plaintiff attempts to raise new new allegations of sexual assault and harassment in his response to the VA's motion to dismiss, as well as allegations of retaliation for Plaintiff's reporting of the alleged sexual assault occurring in 2019, but these claims were not raised during the administrative process and are therefore unexhausted.

The District Court should therefore grant the VA's motion to dismiss as to Plaintiff's claims arising under Title VII and the ADEA.

The Court next considers Plaintiff's ADA claim. The VA argues that, although Plaintiff clearly raised his ADA claims in the administrative proceedings (both in the MSPB mixed case appeal and two EEO complaints), Plaintiff failed to timely appeal the decision by the EEOC administrative judge to grant summary judgment in favor of the VA, meaning his disability discrimination claim should also be dismissed for failure to exhaust administrative remedies.

The EEOC summary judgment order framed the issues raised in Plaintiff's EEO administrative complaints as whether he was subjected to intentional harassment and a hostile work environment based on a disability when he was ordered in March 2020 and June 2021 to submit for a FFDE. (EEOC Summ. J. [#14-1], at 3.) The administrative judge granted the VA summary judgment, concluding that the record did not raise a genuine issue of material fact as to the existence of discriminatory intent as to the challenged actions. (*Id.* at 5.) EEOC regulations required the VA to take final action on the complaint by issuing a final order notifying Plaintiff whether or not the VA would fully implement the decision of the administrative judge within 40 calendar days of receipt of the EEOC decision. *See* 29 C.F.R. § 1614.110(a). The VA asserts in its motion to dismiss that it did not issue a final order regarding the administrative judge's summary judgment order and that Plaintiff therefore had 30 days after the expiration of the 40-day period to file an appeal to the EEOC, making his appeal due by January 5, 2024. *See id.* § 1614.402(a). Because Plaintiff did not file an appeal to the EEOC before this deadline (or at all), the VA asks the Court to dismiss his disability discrimination claims for failure to exhaust.

The problem with this argument is that Plaintiff did not file his second EEO Complaint challenging his termination (as opposed to his first EEO Complaint, which only challenged his

11

*proposed* termination) until *after* he filed his MSPB mixed case appeal. Plaintiff filed his mixed case appeal with the MSPB on October 25, 2021 (challenging both the VA's termination decision and alleging disability discrimination), the day his termination became final. (MSPB Initial Decision [#1-1], at 13.) He filed his EEO complaint on November 6, 2021. (EEO Compl. [#13], at 4.) Again, a plaintiff may not avail himself of both procedural avenues for pursuing a mixed case—through both an MSPB mixed case appeal and an EEO mixed case complaint. *Casimier*, 142 Fed. App'x at 204 (citing 29 C.F.R. § 1614.302(b) ("An aggrieved person may initially file a mixed case complaint with an agency . . . or an appeal on the same matter with the MSPB . . . , but not both.")). Whichever petition is filed first "shall be considered an election to proceed in that forum." *Id.* (quoting 29 C.F.R. § 1614.302(b)).

Based on these regulations, by first filing an MSPB mixed case appeal challenging his termination as discriminatory, Plaintiff elected to proceed in that forum.[1] Plaintiff's failure to appeal the EEOC summary judgment, which was issued after the MSPB had already adjudicated his disability discrimination claim, after Plaintiff had filed a petition for review of that decision to the Federal Circuit, and six days after the Federal Circuit transferred the appeal to this Court, cannot be a bar to his litigating his disability discrimination claims in this case. The VA argues Plaintiff erred in failing to appeal the summary judgment order to the EEOC, but had Plaintiff attempted to do so, the EEOC would have likely dismissed his appeal on the basis that it was foreclosed by his previous election to pursue his disability discrimination claims in the first-filed MSPB mixed case appeal. *See id.* ("Casimier's 2001 effort to reinitiate an EEO complaint with the Postal Service regarding his removal was foreclosed by his 1997 election to appeal his removal

---

[1] Plaintiff's EEO Complaint challenging his proposed termination was filed prior to his MSPB mixed case appeal. However, this Complaint did not challenge his actual termination, which is the subject of the MSPB appeal and the subsequent administrative complaint.

12

to the MSPB rather than the Postal Service's EEO office."); *see also* 29 C.F.R. § 1614.302(b) (providing basis for agency to dismiss mixed case complaint on basis of prior election of MSPB procedures). The VA cannot obtain dismissal of Plaintiff's disability discrimination claims for failure to exhaust on this record.

**C.     Disability Discrimination**

The VA alternatively argues that Plaintiff fails to sufficiently plead the basis for his disability discrimination claim. Discrimination claims raised administratively are reviewed *de novo*. *Aldrup v. Caldera*, 274 F.3d 282, 285–86 (5th Cir.2001) (citing 5 U.S.C. § 7703(c)). A plaintiff asserting a claim of employment discrimination must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Besser v. Tex. Gen. Land Office*, No. 18-50291, 2020 WL 6476707, at *3 (5th Cir. Nov. 3, 2020) (quoting *Chhim*, 836 F.3d at 470). A claim of disability discrimination under the ADA can either be based on a theory of failure to accommodate a disability or disparate treatment based on a disability. *Windhauser v. Bd. of Supervisors*, 360 Fed. App'x 562, 565 (5th Cir. 2010). A disparate-treatment claim is based on two essential elements: (1) an adverse employment action, (2) taken against a plaintiff because of a protected status, here disability. *Cicalese v. Univ. of Tex. Medical Branch*, 924 F.3d 762, 767 (5th Cir. 2019) (internal quotation marks omitted). A failure-to-accommodate claim is based on the following essential elements: (1) a disability being known by the employer, and (2) the employer's failure to make reasonable accommodations for those known limitations. *Feist v. La., Dep't of Justice, Office of the Attorney Gen.*, 730 F.3d 450, 452 (5th Cir. 2013).

Plaintiff has not articulated a plausible disability discrimination claim under either theory. Plaintiff's Amended Complaint does not contain any narrative explanation of the basis of his ADA claim. The pleading merely states the following:

13

      1. Proposed Removal,
      2. Fitness for Duty, and
      3. American Disability Act limits and [sic] employer's ability to make disability related inquiries.

(Am. Compl. [#13], at 1.) Plaintiff attaches his EEO Complaints to his Amended Complaint, both of which allege the ADA's limitation on an employer's ability to require medical examinations and complain of the VA continuing to require him to submit to a FFDE after the Department of Labor approved his workers' compensation claim. (EEO Compl. [#13], at 3–4.) The undersigned construes Plaintiff's pleadings to allege that the VA violated the ADA when it required him to submit to a FFDE once the Department of Labor's Office of Workers' Compensation Programs approved his COVID-related workers' compensation claim and that requiring him to submit to FFDEs (and then terminating his employment when he refused to do so) constituted disability discrimination. The VA argues Plaintiff's argument is foreclosed by the regulations governing medical examinations of employees and the facts asserted by Plaintiff and established in his MSPB mixed-case appeal. The undersigned agrees.

      An agency may require an employee working in a position that has "medical standards and/or physical requirements" to report for medical examination "whenever the agency has a reasonable belief, based on objective evidence, that there is a question about an employee's continued capacity to meet the medical standards or physical requirements of a position." 5 C.F.R. § 339.301(b)(3). An agency may also require an employee to submit to an examination where the employee has applied for or is receiving compensation as a result of an injury or disease so as to determine "medical limitations that may affect job placement decisions." *Id.* § 339.301(c).

      The administrative record establishes that Plaintiff worked for the VA as a Medical Instrument Technician, a position requiring him to perform procedures and examinations on patients. (MSPB Initial Decision [#1-2], at 13.) In performing examinations on patients, Plaintiff

14

was required to lift and position patients, connect patients to equipment, and operate the equipment to get test and treatment results. (*Id.*) This work involved significant physical exertion, including carrying, pushing, or pulling moderately heavy objects. (*Id.*) Occasionally, Plaintiff also was required to respond to emergencies. (*Id.*) Plaintiff was assigned to the Cardiac Catheterization Lab ("CCL") and therefore was a more specialized Medical Instrument Technician who performed diagnostic tests of the pulmonary and cardiovascular systems. (*Id.* at 14.)

Plaintiff began experiencing seizure-like incidents while on duty, which resulted in the loss of limb function during patient care, slurred speech, and disorientation. (*Id.* at 14–15.) In January 2020, the VA ordered a FFDE due to concerns that Plaintiff might have a medical condition affecting his ability to perform his duties and responsibilities. (*Id.* at 15.) Based on the results of this examination, as well as subsequent psychological assessment, the VA determined Plaintiff was unable to safely perform his duties and proposed his removal. (*Id.* at 15–18.)

In June 2020, Plaintiff contracted COVID-19 and had serious complications. (*Id.* at 18.) When he returned to work, he was involuntarily reassigned to a position outside of the Nursing Service without direct patient care due to the finding that he was unable to perform the essential functions of his Medical Instrument Technician position. (*Id.* at 18–20.) Plaintiff continued to experience serious medical issues after he returned to work, including a seizure-like incident while leaving work in April 2021, but a March 2021 neurological examination concluded that Plaintiff could resume his Medical Instrument Technician duties without limitations. (*Id.* at 20–21.) Plaintiff subsequently filed a traumatic injury claim with the Department of Labor's Office of Workers' Compensation Programs. (*Id.* at 20–21.) The VA offered Plaintiff the opportunity to participate in a reasonable accommodation process, but Plaintiff refused to participate in the

process for the stated reason that his work-related injuries were being addressed through the Workers' Compensation Programs process. (*Id.* at 22.)

The VA requested a second FFDE in June 2021, which was nearly identical to the original FFDE but also referenced Plaintiff's more recent episodes. (*Id.* at 23.) Plaintiff refused to participate in the FFDE, responding that the symptoms referenced in the notice were related to COVID-19 and were being addressed by the Department of Labor through his workers' compensation claim. (*Id.* at 24–25.) Plaintiff was removed for the stated reason of failing to submit to an examination. (*Id.* at 25–28.) Based on these facts, the MSPB concluded that Plaintiff had failed to articulate any basis for a finding of disability discrimination and had not submitted any credible evidence that he suffered disability discrimination. (*Id.* at 39–41.)

Plaintiff has not pleaded or asserted any facts or arguments to support a plausible claim of disability discrimination. Regardless of the status of Plaintiff's workers' compensation claim at the time of the request for the FFDE, governing regulations permit the VA to inquire into medical limitations affecting job placement when it has concerns about an employee's continued capacity to meet the requirements of a position. 5 C.F.R. § 339.301(b), (c). Plaintiff's assertion that the filing or processing of his workers' compensation claim for a disability insulated him from the FFDE process is without legal basis. Moreover, Plaintiff has not articulated in any pleading before the Court any other basis of his disability discrimination claim, whether based on a disparate-impact or failure-to-accommodate theory. Plaintiff alleges he suffered from a disability and filed for workers' compensation (and that his claim was ultimately approved). Therefore, his employer was entitled to request an FFDE to determine what job functions he could safely perform due to that disability. Plaintiff has not alleged that his employer failed to make requested reasonable accommodations of a known disability. In fact, it appears that such process was offered, but

Plaintiff refused to participate in it. Nor has Plaintiff alleged a plausible basis for a disparate-treatment claim, as Plaintiff does not allege that the VA treated a similarly situated employee without a disability who refused to submit to an ordered FFDE more favorably. *See Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (requiring employee to demonstrate employer treated her more harshly than a similarly situated employee for "nearly identical" actions).

In summary, there are no alleged facts in any of Plaintiff's filings that would allow the Court "to draw the reasonable inference" that the VA is liable for disability discrimination. *Iqbal*, 556 U.S. at 678. Accordingly, the District Court should grant the VA's motion to dismiss as to this claim.

**D.     MSPB Appeal**

Finally, the VA asks the Court to affirm the MSPB's decision upholding the termination of Plaintiff's federal employment. Motion to dismiss under Rule 12(b)(6) are not generally the mechanism for requesting the Court affirm an administrative decision, as such motions create "an unnecessary layer before reaching the matters sought to be reviewed." *Ludwick v. Merit Sys. Prot. Bd.*, No. SA-21-CV-0786-JKP, 2023 WL 1087889, at *6 (W.D. Tex. Jan. 27, 2023). However, the Court has before it the administrative record from Plaintiff's MSPB mixed-case appeal, and this information (as well as the assertions of the parties) is "what provides the necessary information" for the Court to conduct its judicial review. *Id.* Accordingly, the undersigned will evaluate whether the District Court should affirm the MSPB decision at this stage of the proceedings.

Judicial review of MSPB decisions is limited to review of the administrative record. *Bryant v. Dep't of Vet. Affairs*, 26 F.4th 1344, 1346 (Fed. Cir. 2022). Courts must uphold decisions of the MSPB "unless they are clearly arbitrary and capricious, unsupported by substantial evidence or

otherwise not in accordance with law." *Williams v. Wynne*, 533 F.3d 360, 373 (5th Cir. 2008) (citing 5 U.S.C. § 7703(c)). Courts review the MSPB's legal determinations de novo and its factual findings for substantial evidence. *Id.* "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Bonet v. U.S. Postal Serv.*, 712 F.2d 213, 216 (5th Cir. 1983) (per curiam) (internal quotation and citation omitted). A reviewing court "may not reweigh the evidence or substitute its own judgment" for that of the MSPB even if it finds that "the evidence preponderates against the Board's decision." *Id.*

The VA terminated Plaintiff for the following stated reason:

> By notice dated June 8, 2021, you were informed that due to safety concerns and your inability to perform your job duties. [Pomager] requested a [FFDE]. On June 17, 2021, [Dr. Lohbeek], Occupational Health Physician, was scheduled to conduct a FFDE per the notice which you received on June 9, 2021. According to Dr. Lohbeek you presented to the examination and stated, "I am not consenting to the exam", or words to that effect. You also declined to complete any of the required documentation required for the examination. Therefore, you are charged with Failure to Submit to a Directed Examination.

(MSPB Initial Decision [#1-2], at 28–29.) The MSPB found that the VA "clearly and concisely articulated its concerns about [Plaintiff's] continued capacity to meet the physical requirements of his position" and was therefore authorized by law to require him to report for a FFDE if it reasonably believed that he might not meet the medical standards or physical requirements of his position. (*Id.* at 31 (citing 5 C.F.R. § 339.301(b).) The MSPB also found that the VA complied with its own policies in ordering the FFDE, and that under those policies, "special examination and employee authorization to release the ensuing reports are considered conditions of employment" and "[f]ailure of the employee to submit to a directed or special physical examination or to sign the authorization form may result in disciplinary action, including removal from employment with [the agency]." (*Id*. at 31–32.) Plaintiff did not consent to the ordered FFDEs,

18

and Plaintiff did not complete the authorization consent forms requested by the VA that were necessary for the examination to proceed. (*Id.* at 36.)

The Court ordered Plaintiff to file an amended pleading containing the reasons he is challenging the MSPB Order. Plaintiff failed to do so. Aside from his allegations of disability discrimination, Plaintiff has not articulated why he believes the MSPB decision was arbitrary or capricious, unsupported by substantial evidence, or otherwise issued not in accordance with the law. Accordingly, the Court should affirm the MSPB's decision upholding the termination of Plaintiff's employment.

## IV.  Conclusion and Recommendation

Having considered the parties' motions, the responses and replies thereto, the pleadings, and governing law, the undersigned **recommends** that Plaintiff's Motion to File a Second Amended Pleading [#24] be **DENIED** and that Defendant's Motion to Dismiss [#14] be **GRANTED** as follows:

- The District Court should dismiss Plaintiff's ADEA and Title VII claims for failure to exhaust administrative remedies;

- The District Court should affirm the MSPB's finding that Plaintiff failed to plead or prove a plausible basis of disability discrimination and dismiss Plaintiff's ADA claim; and

- The District Court should affirm the MSPB's administrative decision upholding the VA's termination of Plaintiff's employment.

## V.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is

modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Objections are limited to no more than 20 pages unless leave of court is granted. The party shall file the objections with the Clerk of Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1).

SIGNED this 15th day of November, 2024.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE